IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA and, ) <br> PEOPLE OF THE VIRGIN ISLANDS ) <br> ) <br> ) | CRIM. NO.: 10-cr-0050 |
| v. ) <br> ) <br> DAMION BELL ) <br> ) <br> Defendant. ) <br> _____) | |

## ORDER DENYING DEFENDANT'S MOTIONS IN LIMINE TO PRECLUDE THE GOVERNMENT'S EXPERT WITNESSES FROM TESTIFYING AND CONTINUING TRIAL

Finch, Senior Judge

THIS MATTER is before the Court on Defendant Damion Bell's Motions in Limine to preclude the Government from introducing expert testimony regarding DNA and fingerprint evidence.

Trial in this matter is currently scheduled for July 5, 2011. On June 29, 2011, Defendant filed a motion to exclude the Government's fingerprint expert on the grounds that the Government did not disclose the fact that it would be relying on fingerprint evidence and did not disclose the report upon which the expert will testify until June 27, eight days before trial. Defendant claims that this late disclosure does not give him sufficient time to obtain his own expert in order to test the results of the Government's expert analysis. The Government responds that it turned over this report on the same date that it received it.

On June 30, 2011, Defendant filed a motion to exclude the Government's DNA expert on the basis that on June 17, 2011, the Government informed Defendant that it was using a different expert than previously disclosed. Defendant contends that he was prepared to proceed against the previously disclosed expert, but has not had sufficient time to "do due diligence" on the recently identified expert. The Government contends that it had to change its expert because the previous expert is no longer employed by the lab that performed the DNA analysis in this case.

"Fed.R.Crim.P. 16(a)(1)(G) requires the government to disclose to the defendant a written summary of [expert] testimony the government intends to use ... during its case in chief. It is expected that the parties will make their requests and disclosures in a timely fashion." *United States v. Rhines*, 143 Fed. Appx. 478, 482 (3d Cir. 2005) (unpublished) (citations omitted); *see United States v. Russo*, 483 F. Supp. 2d 301, 310 (S.D.N.Y.) ("Rule 16 does not provide for the specific timing of expert witness disclosures, but it is expected that such disclosures occur in a timely fashion." (citing *United States v. Pirro*, 76 F.Supp.2d 478, 488 (S.D.N.Y. 1999))).

Here, the Government disclosed a summary of the fingerprint expert's testimony on the same day it received it, which was eight days before the trial was scheduled to begin. Defendant contends that he will be prejudiced by the introduction of this evidence because eight days is not enough time to hire his own expert to analyze the government's report. The Court does not fault the Government as it turned over the expert material on the same day that it received it, but nonetheless concludes that Defendant should be given additional time to prepare. *See United States v. Richmond*, 153 F.R.D. 7, 8 (D. Mass. 1994) (holding that disclosure of expert witnesses three days before trial was insufficient); *cf Rhines*, 143 Fed. Appx. at 482 (finding that disclosure two weeks before trial was sufficient); *Russo*, 483 F. Supp. 2d at 310 (finding that disclosure of

2

expert witness material two weeks before trial was sufficient). Regarding the Government's DNA expert, the Court finds that the eighteen days provided by the Government's June 17 disclosure is sufficient time for the Defendant to prepare.

Defendant asks the Court to exclude the fingerprint expert. Rule 16(d) gives the Court broad discretion in regulating the timely disclosure of expert material. *See* Fed. R. Crim. P 16(d); *United States v. Bentley*, 875 F.2d 1114, 1118 (5th Cir. 1989) ("the district court has broad discretion under this rule.") (citations omitted). "In exercising this discretion, the district court should consider factors such as the reasons why disclosure was not made, the prejudice to the opposing party, the feasibility of rectifying that prejudice by granting a continuance, and other relevant circumstances." *Bentley*, 875 F.2d at 1118. While exclusion is authorized under Rule 16, it is an exceptional remedy that should be used sparingly and it is inappropriate here as the Government turned over the expert fingerprint material on the same day that it received it and the prejudice complained of by Defendant can easily be cured by a brief continuance. [1] Fed. R. Crim. P 16(d)(2)(B); *United States v. Stevens*, 380 F.3d 1021, 1026 (7th Cir. 2004) (finding that a continuance under Rule 16 would have been an appropriate remedy for an expert report disclosed ten days before trial had defendant so requested); *Bentley*, 875 F.2d at 118; *accord United States v. Fleet Management Ltd.*, 2008 WL 222325, at *5 (E.D. Pa. 2008) (finding that exclusion was appropriate remedy for untimely expert report because "it would be futile to grant a continuance when to cure the prejudice, Defendants would have to redepose the Rule 15 witnesses, who are not only in India, but also unlikely to cooperate."). Accordingly, Defendant is granted a continuance. The Magistrate Judge will set a time for trial at the July 11, 2011 conference call in this case.

---

[1] While Defendant did not specifically ask for a continuance, he alleges that he is prejudiced by the lack of time to prepare against the Government's fingerprint expert.

3

Accordingly, it is hereby **ORDERED** that

Defendant's Motion in Limine to Preclude the Government's DNA Expert From Testifying at Trial is **DENIED**;

Defendant's Motion in Limine to Preclude the Government's Fingerprint Expert From Testifying at Trial is **DENIED;**

Defendant is **GRANTED** a continuance;

The Magistrate Judge will set a time for trial at the July 11, 2011 conference call in this case.

**ENTERED**:

Dated: July 1, 2011

_____/s/_____
RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE